UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Vania Aparecida Vasconcellos

       v.                                             Civil No. 1:26-cv-425-SE-AJ

Strafford County
Department of Corrections,
Superintendent, et al.


O R D E R

Vania Aparecida Vasconcellos filed a petition for a writ of habeas corpus on May 27, 2026, contesting her detention and requesting, inter alia, a bond hearing. Doc. no. 1. The court thereafter ordered the respondents to show cause on or before June 4, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on her apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or her similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). Doc. no. 3.

The respondents filed their response to the petition on June 4, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases, and object to the court granting relief to the petitioner. Doc. no. 6. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case. The response further concedes that the petitioner appears to be a member of the Guerrero Orellana class. To the extent that the respondents' filing asks this court to agree

that certain issues in this case have been preserved for appeal, the court declines to do so and leaves those decisions for the appellate court. The court recognizes that the respondents are free to raise these arguments in other future cases.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that she is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of her removal proceedings. The petitioner's request that this court order her immediate release, doc. no. 1 at 7, is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage. The respondents shall file a status report within seven days, on or before June 25, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

June 18, 2026
cc:    Counsel of record.

2